**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL W.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 22 C 4380** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **KILOLO KIJAKAZI, Acting** | ) | **Maria Valdez** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Daniel W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 11] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied.

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 10, 2019, Plaintiff filed a claim for DIB, alleging disability since August 1, 2018. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on February 3, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 28, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of August 1, 2018 through his date last insured of March 31, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis of the left acromioclavicular joint; major depressive disorder; generalized anxiety disorder;

and post-traumatic stress disorder (PTSD). The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: could occasionally push and pull with the left upper extremity; could occasionally perform overhead reaching with the left upper extremity; could frequently use foot controls with the right lower extremity; was restricted to understanding, remembering, and carrying out simple, routine, and repetitive tasks; could occasionally interact with supervisors, coworkers, and the public; and could be exposed to no more than occasional changes in the job setting. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a retail sales clerk or tractor trailer truck driver. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to

a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's evaluation of the treating source opinions is not supported by substantial evidence; (2) the ALJ's mental RFC assessment does not account for all of Plaintiff's limitations; and (3) the ALJ did not properly evaluate Plaintiff's symptoms.

In advancing his third argument, Plaintiff contends that the ALJ's symptom analysis was deficient. Plaintiff maintains in particular that the ALJ's evaluation of his daily activities was inadequate. In his decision, the ALJ summarized Plaintiff's allegations, noting that he "has ongoing mental symptoms including depression, suicidal ideation, racing thoughts, hypervigilance, and poor sleep. (R. 17.) The ALJ further noted Plaintiff's reports that he "has problems with paranoia over his medications and has problems leaving his home and talking with others." (*Id.*) The ALJ also noted Plaintiff's allegations that he experiences panic attacks and has "problems staying in one place due to anxiety." (*Id.*) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.*)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, as to daily activities, the ALJ must "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . and the medical evidence." *Charles B. v. Saul*, No. 19 C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted). *See also Rainey v. Berryhill*, 731 F. App'x 519, 522 (7th Cir. 2018) ("While an ALJ may consider daily activities when assessing the claimant's credibility, the ALJ must also explain how the claimant's activities are inconsistent with medical evidence.") (citations omitted). Put

differently, the ALJ must "adequately explain how Plaintiff's ability to perform his daily activities undermined his allegations of disability." *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *2 (N.D. Ill. Apr. 19, 2021). A level of specificity is required, and the ALJ must explain why a claimant's "daily activities are inconsistent with his specific symptom allegations." *Donte A. R. v. Saul*, No. 19 C 2363, 2020 WL 7241066, at *8 (N.D. Ill. Dec. 9, 2020) (citations omitted).

Here, in finding Plaintiff not fully credible, the ALJ stated that Plaintiff's "activity is also not consistent with more significant limitations, as he has been able to travel, obtain a house, and do outdoor activities." (R. 24.) As an initial matter, with respect to Plaintiff's ability to "obtain a house," it appears from the record that though Plaintiff had been trying to purchase a home, he had not yet been able to. In any event, the Court agrees with Plaintiff that it is unclear how obtaining a house, or even trying to purchase a house, is inconsistent with an inability to sustain competitive full-time work. Furthermore, the Court ultimately agrees with Plaintiff that the ALJ's credibility determination vis-à-vis Plaintiff's activities of daily living was insufficiently supported. The ALJ did not adequately explain how, for instance, engaging in unspecified "outdoor activities" contradicts Plaintiff's allegations concerning panic attacks and paranoia. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the

ALJ] briefly described Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). The inadequacy of the ALJ's symptom analysis is an error requiring that this matter be remanded. *See Steven L.*, 2021 WL 1531603 at *4 ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Finally, the Court has identified an additional issue that warrants consideration herein. As stated above, the ALJ found that one of Plaintiff's severe impairments is post-traumatic stress disorder (PTSD). Pertinent to Plaintiff's PTSD, Plaintiff is a military veteran and the ALJ noted Plaintiff's reports that he has "problems interacting with others" and "is prone to panic attacks." (R. 15.) The ALJ further noted Plaintiff's allegations that "[t]riggers for anxiety include unexpected noises like a phone ringing" and he "can have panic attacks that last momentarily to requiring up to 30 minutes to recover." (*Id.* at 17.) The ALJ also noted that Plaintiff "has required psychiatric hospitalization and regularly uses a crisis line." (*Id.*) However, though acknowledging this pertinent evidence, the ALJ's

decision only mentions PTSD once, noting that it was one of Plaintiff's diagnoses. (*Id.* at 19.) Beyond merely notating Plaintiff's PTSD, the ALJ did not specifically address that condition. The Court finds that the ALJ erred by failing to explicitly assess Plaintiff's PTSD in a fulsome manner. *See Lewandowski v. Colvin*, No. 16 C 9317, 2017 U.S. Dist. LEXIS 107311, at *20-21 (N.D. Ill. July 11, 2017) (finding error where ALJ failed to address claimant's PTSD diagnosis). In light of Plaintiff's diagnosis of PTSD, which the ALJ recognized, it was incumbent on the ALJ to specifically explain the severity of the condition, which she did not do. *See Nadira F. v. Saul*, No. 19-cv-6517, 2020 U.S. Dist. LEXIS 199688, at *6 (N.D. Ill. Oct. 27, 2020). The ALJ's failure to adequately evaluate Plaintiff's PTSD is another issue that requires remand. *See Derry v. Berryhill*, 756 F. App'x 619, 624 (7th Cir. 2019) (finding remand necessary where "[t]he ALJ did not account for objective observations confirming the severity and persistence of [claimant's] depression, PTSD, and military sexual trauma"); *Nadira F.*, 2020 U.S. Dist. LEXIS 199688 at *8 ("[R]emand is necessary for the ALJ to properly consider Plaintiff's PTSD diagnosis.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the

treating source opinions are properly evaluated and Plaintiff's mental limitations are properly accounted for.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 11] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE: May 4, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**